FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA APR -7 PM 2:04

| | | |
|---|---|---|
| Mardoche Olivier | * | |
| | * | |
| | * | |
| | * | |
| | * | Case No: 6:21-CV-618-WWB-EJK |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| | * | |
| City of West Melbourne, | * | |
| Officer Kenneth Sells, | | |
| City of Melbourne, | | |
| Officer MARTEZIAN #728 | | |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

# COMPLAINT

## INTRODUCTION

1.   Plaintiff brings forth suite under 42 U.S.C 1983 for civil rights violations due to the

miss application of FL statute 332.34 against plaintiff and others similarly situated that use an

1

automobile as a normal mode of locomotion which is a big factor in inquiring life, liberty and the pursuit of happiness protected by the Federal constitution.

2. Plaintiff contends that FL statute 332.34 is void for vagueness and overbreadth as applied to plaintiff and others similarly situated that use automobiles as a normal mode of locomotion i.e (not for hire/ not engaged in commerce) on the public roadways and highways of this state.

3. Plaintiff argues that Defendants' enforcement of **322.34 Driving while license suspended, revoked, canceled, or disqualified.**—Florida's commercial suspended license statute, which prohibits individuals that use the public roads and highways for hire which is a extraordinary use of the roads and highways i.e (commerce)/(privilege), from operating a motor vehicle on the public roads without a valid Florida commercial driver's license against Plaintiff which uses a automobile as a normal mode of locomotion on the public roads and highways, violates the Plaintiffs State and federally protected constitutional rights.

4. Defendants and prosecutors of Brevard county have notified plaintiff that all automobiles or vehicles on the roadways of this state fall under the requirement of Fl statue 322.34 no matter if the individual controlling the automobile or vehicle is engaged in commerce i.e(for hire) or not engaged in commerce i.e(right of locomotion/protected by the personal liberty clause found in both constitutions).Defendants have made it clear to plaintiff that using the public roads with a automobile or vehicle in any fashion is a privilege which requires a state regulated license.

5. Plaintiff has custody of his son over the summers and has been unable to provide financial income to properly provide for his son do to the restriction of his personal liberty, as

plaintiff is a handyman and is unable to use an automobile to get to his clients or potential clients.

6.  Plaintiff brings suit under the vagueness challenge against defendants use of Fl. Statute 322.34 for void for vagueness and void for overbreadth violating the 4th, 5th, and 14th amendments in the Florida federal court. Plaintiff is requesting declaratory and injunctive relief against defendants that are restricting plaintiff's personal liberty, freedom of movement, right to locomotion, right to use of personal property, right to use the public roadways and highways, right to adequate notice, right to equal protection, right to acquire and maintain employment, right to use of household good, right to be secure in his persons, houses, papers, and effects against unreasonable searches and seizures, right to life, right to liberty, right to pursuit of happiness.

## JURISDICTION AND VENUE

Plaintiffs' claims arise under the Constitution and laws of the United States, right of personal liberty, right of locomotion, right to use an automobile on the public roadways and highways as a normal mode of locomotion, right to freedom of movement, right to adequate notice, right to equal protection of the laws, the right to life, liberty, and the pursuit of happiness.

This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3).

This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65.

The federal rights asserted by Plaintiffs are enforceable under 42 U.S.C. § 1983.

Venue is proper in the United States Middle District court of Florida under 28 U.S.C. § 1391(e). Defendants and Plaintiffs reside in this judicial district. All of the events that occurred which caused constitutional harm to plaintiff by Defendants, giving rise to this action occurred in this judicial district.

## PARTIES

**Plaintiffs**

Mardoche Olivier

**Defendants**

City of West Melbourne

Officer Kenneth Sells

City of Melbourne

Officer K Martezian badge 728

## FACTS

1. On October 16, 2020 Officer Kenneth Sells from the City of West Melbourne stop plaintiff for allegedly failing to maintain lane in the City of West Melbourne.

2. At the time of this stop of plaintiff by Officer Kenneth Sells, the officer had no probable cause to believe that plaintiff was operating a motor vehicle for hire.

3. Officer Kenneth Sells arrested plaintiff under FL suspended commercial driver license statue even though plaintiff was using a automobile as a normal mode of locomotion.

4. Plaintiff was forced to pay bail and is currently awaiting trial, case number CF046247.

5. On 3-15-2021 Officer Martezian badge 728 of the City of Melbourne stop plaintiff while plaintiff was using a automobile as a normal mode locomotion.

6. Officer Martezian badge 728 sole reason for stop plaintiff was to check plaintiff driver's license even though plaintiff was using an automobile as a normal mode of locomotion, violating plaintiff's freedom of movement, personal liberty, and right to use an automobile.

7. Officer Martezian badge 728 unlawfully arrested plaintiff under Fl commercial suspended driver statute while plaintiff was participating in constitutionally protected conduct.

8. Officer Martezian badge 728 had no probable cause to believe plaintiff was engaged in transportation i.e. (driving a motor vehicle for hire / the extraordinary use of the road).

9. Plaintiff was jailed and forced to pay bail.

10. Plaintiff is currently awaiting trial. Case #CT19705

5

## STATEMENT OF CLAIM

Plaintiff claims that his constitutionally protected right to personal liberty, freedom of movement, due process, personal security, life, liberty, and pursuit of happiness has been violated by defendants by improperly applying FL vague statue 322.34 suspended commercial driver's license in a overbroad way against plaintiff and others similarly situated that use automobiles as a normal mode of locomotion. Plaintiff claims that FL 322.34 is void for vagueness and overbreadth allowing defendant to violate the 4th, 5th, and 14th amendment to the United States Constitution. The City of Melbourne and The City of WSET Melbourne are the employers of listed officers and are liable for the constitutional violations against plaintiff, officers are also liable.

## ARGUMENT

1. Plaintiff argues that the improper use of FL statue x a suspended commercial driver's license offense by defendants against plaintiff and others similarly situated, while plaintiff was using an automobile as normal mode of locomotion on the public roadways and highways is a violation of the 4th, 5th, and 14th amendments to the United States Constitution.

2. Plaintiff argues that his right to person liberty, right to free locomotion, right to use of personal property, right to use an automobile on the public roadways and highways as a normal mode of locomotion, right to personal security, right to acquire and maintain employment, right to Life, Liberty, and the right to the pursuit of happiness has been affected and is continuously being affected by defendants.

3. Plaintiff argues that Fl statute x is void for vagueness and void for overbreadth due to the application by Defendants against plaintiff and others similarly situated that use automobiles as a normal mode of locomotion on the public roadways and highways.

4. Defendants have hampered plaintiff's and other similarly situated constitutional protected conduct which plaintiff needs in order to enjoy and obtain his right to life, liberty, and the pursuit of happiness that is guaranteed by the United States Constitution.

Plaintiffs bring this action under 42 U.S.C. § 1983 to vindicate their rights under the Fourth, Fifth, and Fourteenth Amendment to the United States Constitution against vague criminal statutes, against deprivations of liberty without due process of law, deprivation to personal security, deprivation of use of personal property, and deprivation of the right to acquire and to maintain employment.

## VOID FOR VAGUENESS ARGUMENTS

COUNT 1              Void for vagueness

1. **Plaintiff argues** that statute 322.34 is **void for vagueness.** Plaintiff claims that the equal protection clause of both STATE OF FLORIDA and the United States constitution requires the states to construct their statutes with clear instruction to those who are authorized to enforce the statutes, on the rights of individuals that engage in innocent constitutionally protected conduct which may resemble what the statute legitimately restrict or regulate.

   o **Plaintiff argues** that the FL statute 322.34 uses vague and broad terms and failed to implement language in the statute about a individual's right to use an automobile and failed to define automobile and vehicle with specificity to allow those enforcing this statute and those that may

violate this statute on what the statute actually forbids.

### o *SUPPORTIVE CASELAW*

- As Judge Grimes phrased it in [*State v. Walker*, 444 So.2d 1137, 1140 (Fla. 2d DCA), *affirmed & adopted*, 461 So.2d 108 (Fla. 1984)], "without evidence of criminal behavior, the prohibition of this conduct lacks any rational relation to the legislative purpose" and "criminalizes activity that is otherwise inherently innocent." Such an exercise of the police power is unwarranted under the circumstances and violates the due process clauses of our federal and state constitutions.

- **US v. Davis, 139 S. Ct. 2319 - Supreme Court 2019-** Our doctrine prohibiting the enforcement of vague laws rests on the twin constitutional pillars of due process and separation of powers. See *Dimaya,* 584 U.S., at ___-___, 138 S.Ct., at 1212-1213 (plurality opinion); *id.,* at ___-___, 138 S.Ct., at 1224-1228 (GORSUCH, J., concurring in part and concurring in judgment). Vague laws contravene the "first essential of due process of law" that statutes must give people "of

common intelligence" fair notice of what the law demands of them. *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926); see *Collins v. Kentucky,* 234 U.S. 634, 638, 34 S.Ct. 924, 58 L.Ed. 1510 (1914). Vague laws also undermine the Constitution's separation of powers and the democratic self-governance it aims to protect. Only the people's elected representatives in the legislature are authorized to "make an act a crime." *United States v. Hudson,* 7 Cranch 32, 34, 11 U.S. 32, 3 L.Ed. 259 (1812). Vague statutes threaten to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide. See *Kolender v. Lawson,* 461 U.S. 352, 357-358, and n. 7, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *United States v. L. Cohen Grocery Co.,* 255 U.S. 81, 89-91, 41 S.Ct. 298, 65 L.Ed. 516 (1921); *United States v. Reese,* 92 U.S. 214, 221, 23 L.Ed. 563 (1876).

- The rules of statutory construction require this Court to resolve all doubts of a statute in favor of its validity, when reasonably possible and consistent with constitutional rights. See *Brown v. State,* 629 So.2d 841, 843 (Fla.1994); *State v. Wershow,* 343 So.2d

605, 607 (Fla.1977). However, any doubt as to a statute's validity that is raised in a vagueness challenge should be resolved "in favor of the citizen and against the state." Brown, 629 So.2d at 843; Wershow, 343 So.2d at 608.

- In order for a criminal statute to withstand a void-for-vagueness challenge, the language of the statute must provide adequate notice of the conduct it prohibits when measured by common understanding and practice. See Brown, 629 So.2d at 842; see also Papachristou v. City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). "The language of a statute must 'provide a definite warning of what conduct' is required or prohibited, 'measured by common understanding and practice.'" Warren v. State, 572 So.2d 1376, 1377 (Fla.1991) (quoting State v. Bussey, 463 So.2d 1141, 1144 (Fla.1985)).
- As this Court explained in Wershow,
- The requirements of due process of Article I, Section 9, Florida Constitution, and the Fifth and Fourteenth Amendments to the Constitution of the United States are not fulfilled unless the Legislature, in the promulgation of a penal statute, uses language sufficiently definite to apprise those to whom it applies what conduct on their part is prohibited. It is constitutionally impermissible for the Legislature to use such vague and broad language that a person of common intelligence must speculate about its meaning and be subjected to arrest and punishment if the guess is wrong.
- 343 So.2d at 608; accord Wyche v. State, 619 So.2d 231, 236 (Fla.1993).
- Additionally, the statute must define the offense in a manner that does not encourage arbitrary and discriminatory enforcement. See State v. Mark Marks, P.A., 698 So.2d 533, 537 (Fla.1997); Brown, 629 So.2d at 842. A statute may be worded so loosely that it leads to arbitrary and selective enforcement by vesting undue discretion as to its scope in those who prosecute. See McKenney, 388 So.2d at 1234.

**Kolender v. Lawson, 461 US 352 - Supreme Court 1983**

Our Constitution is designed to maximize individual freedoms within a framework of ordered liberty. Statutory limitations on those freedoms are examined for substantive authority and content as well as for definiteness or certainty of expression. See generally M. Bassiouni, Substantive Criminal Law 53 (1978).

As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Hoffman Estates v. Flipside, Hoffman Estates, Inc., supra*; *Smith v. Goguen*, 415 U. S. 566 (1974); *Grayned v. City of Rockford*, 408 U. S. 104 (1972); *Papachristou v. City of Jacksonville*, 405 U. S. 156 (1972); *Connally v. General Construction Co.*, 269 U. S. 385 (1926). Although the doctrine focuses 358*358 both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of the vagueness doctrine "is not actual notice, but the other principal element of the doctrine — the requirement that a legislature establish minimal guidelines to govern law enforcement." *Smith*, 415 U. S., at 574. Where the legislature fails to provide such minimal guidelines, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." *Id.*, at 575.[7]

**US v. Williams, 553 US 285 - Supreme Court 2008**

A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement. *Hill v. Colorado*, 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597

**COUNT 2**   Void for OVERBREADTH

The Fourteenth Amendment to United States Constitution and article 1, section 9 of the Florida Constitution protects fundamental liberty interests against certain governmental intrusions irrespective of the fairness of the procedures utilized. This substantive guarantee is intended to prevent state actors from employing their power in an abusive or oppressive manner. Defendants' enforcement of FL statue 322.34 against plaintiff and others that are similarly situated that use automobiles as a normal mode of locomotion i.e (ordinary use of the public roads

11

and highways), violates substantive due process by stopping and arresting plaintiff and others similarly situated that are participating in constitutionally protected conduct (free locomotion, right to use an automobile for Fl 322.34 a commercial suspended license which refers to drivers that use the roads for profit which the courts have ruled is an extra ordinary use of the roads, which is a privilege which requires a license which that state may regulate.

<u>Plaintiff argues that FL statute 322.34 is</u>

**overbroad as applied to plaintiff and others similarly situated that use automobiles as a normal mode of locomotion on the public streets and highways [(ie) not for hire, not engaged in commerce/traffic]. Plaintiff states that this statute restricts the constitutional rights to freedom of movement, right to life, right of liberty, right to pursuit of happiness, right to acquire and maintain employment, right to use of property(automobile), and the right to use an automobile as a normal mode of locomotion on the public roads and highway.**

Plaintiff states that this statute regulate drivers that operate motor vehicles for compensation properly known as engaging in commerce/traffic which is a privilege that the state has a right to restricted and regulate.

Plaintiff also states the unlike drivers that operate motor vehicles for compensation there are individuals like the

plaintiff in this case that use automobiles as a normal mode of locomotion in the pursuit of life, liberty, and the pursuit of happiness on the public roads and highways which is a constitutionally protected right that cannot be infringed upon.

## *SUPPORTIVE CASELAW*

As Judge Grimes phrased it in [*State v. Walker*, 444 So.2d 1137, 1140 (Fla. 2d DCA), *affirmed & adopted*, 461 So.2d 108 (Fla. 1984)], "without evidence of criminal behavior, the prohibition of this conduct lacks any rational relation to the legislative purpose" and "criminalizes activity that is otherwise inherently innocent." Such an exercise of the police power is unwarranted under the circumstances and violates the due process clauses of our federal and state constitutions.

A statute is overbroad "if in its reach it prohibits constitutionally protected conduct." *State v. T.B.D.*, 656 So.2d 479, 481 (Fla.1995) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)).

As the United States Supreme Court has explained, "[b]ecause First Amendment freedoms

need breathing space to survive, government may regulate in the area only with narrow specificity." NAACP v. Button, 371 U.S. 415, 433, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). Put another way, statutes cannot be so broad that they prohibit constitutionally protected conduct as well as unprotected conduct. Firestone v. News-Press Publ'g Co., 538 So.2d 457, 459 (Fla.1989).

Firestone v. News-Press Pub. Co., Inc., 538 So. 2d 457 - Fla: Supreme Court 1989 - A statute is overbroad if it seeks to control or prevent activities properly subject to regulation by means which sweep too broadly into an area of constitutionally protected freedom. State v. Gray, 435 So.2d 816 (Fla. 1983).

Plaintiffs seeks a declaration from this Court affirming that FL statute 322.34 is void for vague language and void for overbreadth which restrict plaintiffs constitutionally protected conduction of free locomotion and right to use an automobile as a normal mode of locomotion on the public roadways and highways. Plaintiff is also requesting a injunction against the two cases brought against plaintiff which violates the United States Constitution**, plaintiff's personal liberty, right to life, liberty, and right to the pursuit of happiness has been restricted and is unable to**

**acquire employment or income to support plaintiffs family. Plaintiff is a handyman and needs to use a automobile to provide service to potential customers.**

Plaintiffs' claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3).

This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65. The federal rights asserted by Plaintiffs are enforceable under 42 U.S.C. § 1983.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter a judgment declaring that this FL statute is void for vagueness because it fails to provide Plaintiff proper notice by failing to properly define driver, motor vehicles, automobiles, violating the right to due process guaranteed by the Fourteenth Amendment to the United States Constitution and article 1, section 9 of the Florida Constitution.

b. Enter a judgement declaring that FL statute 322.34 is overbroad which is allowing arbitrary enforcement and arrest against constitutionally protected conduct, right to personal liberty.

c. Enter a judgment that the FL statue when used against plaintiff and others similarly situated that use automobiles as a means of normal locomotion violates Freedom of movement protected under our constitutions.

d. Enter a judgment declaring that Defendants' enforcement of the Ordinance violate's Plaintiffs' substantive due process right to personal security under the Fourteenth Amendment to the United States Constitution and article 1, section 9 of the Florida Constitution.

e. Issue a permanent injunction prohibiting Defendants from enforcing the statute while plaintiff is participating in constitutionally protected conduct right of free locomotion and right to use an automobile on the public roads and highways.

f. Enter a judgement vacating prosecutions against plaintiff in Brevard county because plaintiff was participating in constitutionally protected conduct.

g. Grant or award any other relief this Court deems just and proper.

Respectfully submitted, Mardoche Olivier

04/07/2021
Mardoche Olivier
*Mardoche Olivier*

713 Atlantis Rd SE
Palmbay FL. 32909